UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON PERCIVAL, SR.,

       Plaintiff,                              Hon. Richard Alan Enslen

v.                                             Case No. 1:02-CV-363

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on <u>Defendants Kelley and Rowley's Amended Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #147). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendants' motion be **denied**.

## BACKGROUND

       Plaintiff initiated the present action on May 22, 2002. (Dkt. #1). On April 8, 2003, the Honorable Richard Alan Enslen issued a partial judgment in this matter, dismissing Plaintiff's claims, except for his "specific First Amendment claims against Defendants Rowley and Kelly." (Dkt. #25 at 11). Plaintiff has asserted only two specific claims against Defendants Rowley and Kelley. As the Court previously observed, Plaintiff claims that Defendant Rowley stole mail addressed to him from various

members of his family and gave the stolen mail to another prisoner. (Dkt. #25 at 10-11). Plaintiff also asserts that Defendant Kelley improperly opened and read his sealed legal mail. (Dkt. #25 at 11).

On February 10, 2004, Defendants Kelley and Rowley submitted a motion to dismiss Plaintiff's claims on the ground that such failed to state a claim upon which relief may be granted. (Dkt. #94). On July 9, 2004, the undersigned issued a Report and Recommendation concluding that Defendants' motion should be denied. (Dkt. #123). On September 15, 2004, the Honorable Richard Alan Enslen entered an Order denying Defendants' objections and adopting the Report and Recommendation. (Dkt. #136). Defendants Kelley and Rowley now move for summary judgment.

## SUMMARY JUDGMENT STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric*

*Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996).  The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997).  Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

**I.**     **Defendant Kelley**

Plaintiff asserts that on July 26, 2002, Defendant Kelley entered his cell in his absence and opened his sealed legal mail in violation of his First Amendment rights. (Dkt. #22).  In support of this claim, Plaintiff has submitted the affidavit of Kenyatta Waters, a fellow inmate.  In his affidavit, Waters states that on July 26, 2002, he was working as a porter in the vicinity of Plaintiff's cell. (Dkt. #101, Waters Affidavit at ¶¶ 1-3).  Waters states that while he was working he saw Defendant Kelley

sitting on Plaintiff's bed "with 3 or 4 white envelopes next to him while he was reading several sheets of folded papers." *Id.* at ¶¶ 2-3.

Upon returning to his cell, Plaintiff was informed by Waters that he had witnessed Defendant Kelley in Plaintiff's cell reading his mail. (Dkt. #101, Percival Affidavit at ¶ 19; Dkt. #101, Waters Affidavit at ¶ 2). Plaintiff asserts that he later confronted Kelley regarding this incident. (Dkt. #101, Percival Affidavit at ¶ 22). According to Plaintiff, Defendant Kelley acknowledged opening the mail in question. *Id.* at 22.

In support of his motion for summary judgment, Defendant Kelley has submitted (1) an affidavit in which he denies Plaintiff's allegations; (2) a copy of a January 3, 2003 memorandum detailing the results of an internal affairs investigation into Plaintiff's claims against Defendant Kelley; (3) copies of two handwritten memoranda allegedly authored by Defendant Kelley regarding the incident presently at issue; and (4) two copies of a memorandum allegedly written by another corrections officer regarding matters which are not presently before the Court. (Dkt. #148, Exhibits F-G).

As the Court previously recognized, Plaintiff has submitted *evidence* sufficient for a reasonable juror to find in his favor as to his claims against Defendant Kelley. The evidence[1] submitted by Defendant Kelley simply underscores that there exist genuine issues of material fact necessitating a trial on the merits. Both parties have submitted evidence which, if believed, would permit a reasonable juror to find in their favor. In such circumstances, summary judgment is simply inappropriate. The Court, therefore, recommends that Defendant Kelley's motion for summary judgment be denied.

---

[1] The Court notes that aside from Defendant Kelley's affidavit, the submitted material constitutes hearsay which the Court may not consider in resolving a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Lucas v. Chance*, 121 Fed. Appx. 77, 79-80, 2005 WL 95740 (6th Cir., Jan. 18, 2005) (citations omitted) ("hearsay evidence cannot be considered on a motion for summary judgment"); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (same). While the material at issue *may* be admissible at trial - if properly authenticated - Defendant has failed to present any evidence establishing that this material satisfies any exception to the general proscription against the consideration of hearsay. Nevertheless, because it does not alter the conclusion in this matter, the Court has considered for purposes of the present motion all the material submitted by Defendant Kelley.

**II.       Defendant Rowley**

Plaintiff asserts that Defendant Rowley intentionally directed to another inmate (Barkley) mail sent to Plaintiff from members of his family. Plaintiff asserts that Defendant Rowley undertook this action for the purpose of enabling Barkley to obtain the address of Plaintiff's family, from whom Barkley later attempted to extort money.

In support of his claim, Plaintiff has submitted an affidavit in which he asserts that on March 16, 2000, Defendant Rowley delivered mail (a newspaper and a letter from his mother and sister) to his cell. (Dkt. #101, Percival Affidavit at ¶¶ 1-3). Defendant Rowley allegedly placed the mail "on the floor halfway in and halfway out of the cell." *Id.* at ¶ 3. Plaintiff later informed Rowley that he was not happy that his mail had been placed on the floor, in response to which, Defendant Rowley allegedly retrieved Plaintiff's mail and told him, "you ain't going to read no mail today, dumbass." *Id.* at ¶ 4. Later that evening, Barkley told Plaintiff that he was in possession of mail sent to Plaintiff from his mother and sister. *Id.* at ¶ 8.

After learning that Barkley had written a threatening letter to his family, Plaintiff confronted Defendant Rowley about the matter. *Id.* at ¶¶ 11, 15. According to Plaintiff, Defendant Rowley stated that he

> didn't know there were letters in the newspaper, but I still ain't gonna say I did it. I took the paper, but I didn't have shit to do with mailing no fuckin' letter. And if you would've quit bitchin' and moaning, I'd have given you the fuckin' paper back.

*Id.* at ¶ 15. Plaintiff has also submitted an affidavit from another prisoner who claims to have overheard Defendant Rowley make these statements. (Dkt. #102, Adams Affidavit at ¶ 7).

Moreover, Plaintiff has submitted evidence that he and Defendant Rowley do not get along very well with each other. (Dkt. #101, Percival Affidavit at ¶¶ 9, 12, 15, 18; Dkt. #102, Manigo

Affidavit; Dkt. #102, Washington Affidavit at ¶¶ 3, 7; Dkt. #102, Campbell Affidavit at ¶¶3, 6). Plaintiff has also submitted evidence indicating that Barkley and Defendant Rowley have enjoyed a particularly friendly relationship. (Dkt. #101, Percival Affidavit at ¶ 16; Dkt. #101, Gillen Affidavit at ¶¶ 1-5). This evidence, viewed in a light most favorable to Plaintiff, tends to establish motivation and opportunity for Defendant Rowley to have undertaken the actions alleged.

In support of his motion for summary judgment, Defendant Rowley has submitted: (1) an affidavit in which he denies Plaintiff's allegations; (2) copies of two memoranda allegedly authored by Defendant Rowley regarding Plaintiff's allegations; (3) a copy of a response to a grievance Plaintiff filed regarding this alleged incident; (4) a copy of a June 6, 2000, memorandum detailing the results of an internal affairs investigation into Plaintiff's claims against Defendant Rowley; (5) a copy of a grievance filed by Plaintiff regarding matters not presently before the Court; (6) a copy of a memorandum allegedly authored by another corrections officer regarding his discussions with Defendant Rowley about Plaintiff's allegations; and (7) a copy of a major misconduct hearing report (involving Plaintiff) regarding an incident unrelated to the matters presently before the Court. (Dkt. #148, Exhibits A-E).[2]

As the Court previously recognized, Plaintiff has submitted *evidence* sufficient for a reasonable juror to find in his favor as to his claims against Defendant Rowley. The evidence submitted by Defendant Rowley simply underscores that there exist genuine issues of material fact precluding the granting of summary judgment. Both parties have submitted evidence which, if believed, would permit

---

[2] The Court notes that aside from Defendant Rowley's affidavit, the submitted material constitutes hearsay which the Court may not consider in resolving a motion for summary judgment. While the material at issue *may* be admissible at trial - if properly authenticated - Defendant has failed to present any evidence establishing that this material satisfies any exception to the general proscription against the consideration of hearsay. Nevertheless, because it does not alter the conclusion in this matter, the Court has considered for purposes of the present motion all the material submitted by Defendant Rowley.

a reasonable juror to find in their favor. In such circumstances, summary judgment is inappropriate and a trial on the merits necessary. Accordingly, the Court recommends that Defendant Rowley's motion for summary judgment be denied.

### III.     Qualified Immunity

Defendants previously asserted the claim that they were entitled to qualified immunity. The Court previously recommended that Defendants' motion for qualified immunity be denied, a recommendation adopted by the Honorable Richard Alan Enslen. Defendants have submitted no authority meriting a different conclusion. Accordingly, for the reasons previously articulated, the Court recommends that Defendants Kelley and Rowley are not entitled to qualified immunity.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' motion for summary judgment be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                       Respectfully submitted,

Date:  July 14, 2005                                            /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge