UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON PERCIVAL, SR.

    Plaintiff,

v.

DAVID ROWLEY and
JOHN KELLEY,

    Defendants.
_____/

Case No. 1:02-CV-363

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants David Rowley and John Kelley's Motion for Summary Judgment. In light of the largely legal question posed by Defendants' Motion, the Court finds oral argument unnecessary. W.D. MICH. LCIvR 7.2(d).

**I.    BACKGROUND**

Throughout this litigation, the facts of this case have been repeated by various Opinions and Orders of the Court. As such, and due in part to the nature of Defendants' Motion, only a brief outline of the facts supporting Plaintiff's claim is necessary to develop a background for discussion.

Plaintiff has sued Defendants under the First Amendment to the United States Constitution for allegedly interfering with his mail. Plaintiff claims that Defendant Rowley intercepted his mail and gave it to another inmate with whom Defendant Rowley conspired to write threatening and extorting letters to Plaintiff's family. Plaintiff also claims that Defendant Kelley opened an examined Plaintiff's outgoing mail that contained legal filings. This Court denied Defendants' previous motion for summary judgment, which primarily assailed the evidentiary bases supporting Plaintiff's claim, on August 3, 2005. Defendants now seek summary judgment on primarily legal grounds.

## II.     STANDARD OF REVIEW

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson*, 477 U.S. at 255) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252.

## III.    ANALYSIS

The focus of Defendants' Motion for Summary Judgment is the contention that because Plaintiff did not suffer a physical injury, he cannot recover under the Prison Litigation Reform Act or alternatively his recovery is limited to nominal or compensatory damages. Defendants rely chiefly

on 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff opposes the Motion and urges that in the context of the First Amendment, a physical injury is not required. This question, whether an incarcerated First Amendment claimant is required to prove a physical injury within the meaning of section 1997e(e), has provoked considerable disagreement amongst Circuit Courts of Appeals.

Some Circuits have held that section 1997e(e) operates to prohibit or limit a prisoner's First Amendment suit when no physical injury is shown. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *Allah v. Al-Hafeez*, 226 F.3d 247, 250-51 (3rd Cir. 2000). Other Circuits have found section 1997e(e) is not so limiting. *See Rowe v. Shake*, 196 F.3d 788, 781-82 (7th Cir. 1999); *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).

The Court notes that no Sixth Circuit panel has published a decision on this question; however, the Court finds that *Williams v. Ollis*, 230 F.3d 1361 (6th Cir. 2000) (unpublished table decision), is significant evidence of which side of the debate it may reside should binding precedent issue.[1] In *Williams*, the court found that most of the prisoner-plaintiff's claims were precluded by section 1997e(e)'s physical injury requirement, but found that his "First Amendment retaliation claim [was] not precluded," and cited the Ninth Circuit's holding in *Cannell*.

The Ninth Circuit's decision in *Cannell* determined that a First Amendment claimant that has suffered no physical injury asserts something wholly separate than a mental or emotional injury; "he

---

[1] The Court further notes that *Williams* does not carry the force of binding precedent, *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002), but the Court finds it persuasive and a solid indicator nonetheless.

is asserting a claim for a violation of his First Amendment rights," and thus, section "1997e(e) does not apply to First Amendment Claims [sic] regardless of the form of relief sought." *Cannell*, 143 F.3d at 1213. The Court finds the *Cannell* court's reasoning duly applicable to the case at bar and will not require Plaintiff to prove physical injury or otherwise limit his remedies in light of section 1997e(e).[2]

The Court is also mindful that seldom is the case when a prisoner will actually sustain a physical injury from a First Amendment deprivation. Rather, "the harms proscribed by the First Amendment, Due Process, or Equal Protection are assaults on individual freedom and personal liberty, even on spiritual autonomy, and not physical well being." *Shaheed-Muhammad v. Dipaolo*, 138 F. Supp. 2d 99, 101 (D. Mass. 2001). To allow section 1997e(e) to effectively foreclose a prisoner's First Amendment action would put that section on shaky constitutional ground.

Furthermore, a reading of section 1997e(e) in a way that prohibits First Amendment claims does not comport with the Act's legislative history. Nothing in the legislative history of section 1997e(e) suggests Congress' intent was "to prevent legitimate constitutional claims simply because the prisoner suffered no physical injury." *Royal*, 375 F.3d at 729 (Heaney, J., dissenting) (observing the Act was designed to limit non-meritorious or frivolous litigation to assure that legitimate claims receive due consideration). This Court is convinced that allowing prison officials to violate inmate First Amendment rights with impunity, resolute in the knowledge that a First Amendment physical injury will virtually never manifest itself within the meaning of section 1997e(e), is not what

---

[2] Although Plaintiff has argued he suffered a sufficient physical injury, the Court need not consider this in light of its holding. Moreover, the Court is somewhat skeptical Plaintiff would have been able to demonstrate a physical injury had it found that to be a requirement of the Act.

Congress intended when it passed the Act. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987).

Therefore, the Court will deny Defendants' Motion for Summary Judgment and Plaintiff need not demonstrate physical injury to establish a First Amendment claim.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 12, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |